THE STATE EX REL. DYE, APPELLANT, *v.* BRADSHAW, WARDEN, APPELLEE.

[Cite as *State ex rel. Dye v. Bradshaw,* 138 Ohio St.3d 172, 2014-Ohio-453.]

*Habeas corpus—R.C. 2963.30—Interstate Agreement on Detainers—Res judicata—Court of appeals' dismissal of petition affirmed.*

(No. 2013-1240—Submitted February 5, 2014—Decided February 12, 2014.)

APPEAL from the Court of Appeals for Richland County,

No. 12CA123, 2013-Ohio-3298.

_____

**Per Curiam.**

{¶ 1} This is an appeal of the Fifth District Court of Appeals' dismissal of a petition for a writ of habeas corpus. Appellant, James A. Dye Jr., asserts that he is being held unlawfully because the Crawford County Common Pleas Court in which he was convicted in 1992 was without jurisdiction to try him. This claim is based on his allegation that Ohio issued a detainer on him to the federal authorities in January 1991 and then returned him to federal custody after his later arraignment in state court, but before he was tried in state court. Dye asserts that this procedure violated Article IV(e) of the Interstate Agreement on Detainers ("IAD"), which is codified at R.C. 2963.30.

{¶ 2} However, the Third District Court of Appeals in Dye's direct appeal from his conviction held that no detainer was issued against him until April 1992. That determination is res judicata as to Dye's claims in this case, and because Dye was not returned to federal custody after April 1992 until his state-court trial had been held, no violation of the IAD occurred. We affirm the judgment of the court of appeals dismissing Dye's petition.

*Facts*

{¶ 3} Dye was prosecuted in federal and state courts for various crimes associated with his actions in mailing a bomb to his ex-wife. The bomb exploded

and injured her stepfather. Dye lived in Pennsylvania at the time, and his ex-wife lived in Crawford County. Specifically, he was convicted in federal district court in Pennsylvania of transportation of explosive materials, mailing of nonmailable matter, possession of an unregistered firearm, and making a firearm in violation of federal statutes. He was sentenced to federal prison for those convictions on September 4, 1991.

{¶ 4} Meanwhile, on January 8, 1991, the Crawford County Sheriff's Department served a warrant on Dye for his arrest after his indictment in Crawford County. Dye characterizes this warrant as a "detainer." On October 4, 1991, the Crawford County Court of Common Pleas issued a writ of habeas corpus ad prosequendum and an order for removal. Dye was arraigned in Crawford County on October 10, 1991, and was then returned to federal custody.

{¶ 5} In April 1992, he was returned to Crawford County and was tried in a jury trial that began on June 15, 1992. He was convicted of attempted aggravated murder and aggravated arson with a specification. Later that month, he was sentenced to an aggregate term of 7 to 25 years on the attempted-murder charge and 10 to 25 years on the arson charge. The sentences were ordered to be served consecutively to one another and consecutively to his sentence in the federal case.

{¶ 6} Dye filed a direct appeal in his state criminal case. The Third District Court of Appeals affirmed the convictions. *State v. Dye*, 3d Dist. Crawford No. 3-92-47, 1993 WL 157728 (May 14, 1993). One of Dye's arguments on direct appeal was that his speedy-trial rights were violated under Article IV(c) of the IAD. *Id.* at *2-4. That provision requires that "trial shall be commenced within one hundred twenty days of the arrival of the prisoner" pursuant to the filing of a detainer. R.C. 2963.30, Article IV(c). The court of appeals in the direct appeal found that Dye had been transported from federal custody on a warrant for removal "analogous to a federal writ of habeas corpus ad

2

prosequendum." *Id.* at *4. The court of appeals reasoned that such a writ, under *United States v. Mauro*, 436 U.S. 340, 360-361, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), is not considered a "detainer" for purposes of the IAD and therefore does not trigger the provisions of the IAD. 1993 WL 157728 at *3-4. The court of appeals additionally determined that Article IV(c)'s 120-day requirement had not been violated because the detainer on Dye was filed on April 10, 1992. *Id.* at *4. Dye attempted to appeal the Third District's judgment, but we dismissed his appeal. *State v. Dye*, 67 Ohio St.3d 1470, 619 N.E.2d 1027 (1993).

{¶ 7} On December 6, 2012, Dye filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals. The court of appeals granted the warden's motion to dismiss. Dye now appeals as of right to this court.

*Analysis*

{¶ 8} For the following reasons, we affirm the court of appeals' dismissal of Dye's petition and its denial of a writ of habeas corpus.

{¶ 9} Dye now asserts a different argument regarding the IAD than the one that he made in his direct appeal. Rather than the speedy-trial argument based on Article IV(c) of the IAD that he raised previously, he now argues that the Crawford County court was without jurisdiction to try him based on a violation of Article IV(e) of the IAD. Article IV(e), according to Dye, required him to be tried on the state charges before being returned to federal prison after his October 1991 arraignment. Article IV(e), as codified within R.C. 2963.30, states:

> If trial is not had on any indictment, information or
> complaint contemplated hereby prior to the prisoner's being
> returned to the original place of imprisonment pursuant to Article
> V (e) hereof, such indictment, information or complaint shall not

be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Dye argues that because the "detainer" was issued in January 1991, he was arraigned in Crawford County in October 1991, and he was then returned to federal custody, Article IV(e) prevented Crawford County from later trying him, and that his indictment should now be dismissed with prejudice.

{¶ 10} Dye also contends that his argument is not foreclosed by res judicata, as asserted by the warden and determined by the court of appeals below, because the Crawford County court never had jurisdiction to try him given the provisions of Article IV(e). He argues that because the judgment against him was void, the Third District's decision in his direct appeal cannot prevent him from filing a habeas action attacking that jurisdiction.

{¶ 11} However, Dye had the opportunity to make an argument based on Article IV(e) on direct appeal and did not. Habeas relief does not lie when an adequate remedy at law exists. *Drake v. Tyson-Parker*, 101 Ohio St.3d 210, 2004-Ohio-711, 803 N.E.2d 811, ¶ 4-5; *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996).

{¶ 12} Moreover, while the court of appeals in Dye's direct appeal did not rule on the specific Article IV(e) argument he makes here, it did rule on the Article IV(c) argument he made in his direct appeal. And fundamental to both of Dye's IAD-based arguments is the question whether the January 8, 1991 warrant (or the October 4, 1991 order for his removal for his arraignment) was a "detainer."

{¶ 13} The court of appeals in Dye's direct appeal examined what constitutes a "detainer" for purposes of the IAD, applying the analysis in *Mauro*. The court concluded both that "the Warrant for Removal for purposes of arraignment on October 10, 1991, did not constitute a detainer" and that "an IAD

4

detainer was not issued upon appellant until April 10, 1992." 1993 WL 157728 at *4. The latter determination is res judicata as to Dye's claims in this case. Because Dye's current argument rests on the assertion that the "detainer" for purposes of the IAD was issued before April 10, 1992, it is precluded by the decision in his direct appeal.

*Conclusion*

{¶ 14} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

James A. Dye Jr., pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____