[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Sloan,* Slip Opinion No. 2016-Ohio-7451.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7451

THE STATE EX REL. WALKER, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Sloan,* Slip Opinion No. 2016-Ohio-7451.]**

*Habeas corpus—Court of appeals' dismissal of petition affirmed for three reasons: appellant's claim that trial court lacked jurisdiction to convict him lacks merit, appellant has adequate remedies at law, and appellant failed to comply with R.C. 2969.25(A).*

(No. 2016-0164—Submitted August 16, 2016—Decided October 26, 2016.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2015-A-0058, 2015-Ohio-5529.

_____

**Per Curiam.**

{¶ 1} We affirm the Eleventh District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by relator-appellant, Michael Angelo Walker.

**{¶ 2}** In 1983, Walker was convicted of aggravated murder with specifications, aggravated burglary, two counts of aggravated robbery, and two counts of felonious assault. He was ordered to serve a sentence of 64 to 105 years and/or life imprisonment. His convictions and sentences were affirmed on direct appeal. *State v. Walker*, 8th Dist. Cuyahoga No. 47616, 1984 WL 5599 (May 31, 1984).

**{¶ 3}** Walker has filed various motions and petitions throughout the years challenging his 1983 conviction. All of those motions and petitions were denied. Just last year, we affirmed a court of appeals judgment dismissing a petition filed by Walker seeking a writ of mandamus ordering the trial court to hold a new sentencing hearing to determine whether any of the offenses for which he was convicted were subject to merger. *State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 4, 15.

**{¶ 4}** Walker alleges here that he "is being held involuntarily and illegally" because "he has not been convicted of any offense(s) in case No. CR-83-180834-D, to justify his illegal detention." He further asserts that "Respondent cannot produce certified written verdicts" in his case to justify his "illegal detention." Specifically, Walker claims that there is no record "of a jury rendering verdict(s) on September 10, 1983" in his case; thus, he claims, his sentence and conviction are void.

**{¶ 5}** Respondent-appellee, Warden Brigham Sloan, filed a motion to dismiss, which the court of appeals granted.

**{¶ 6}** We affirm the court of appeals' judgment for three reasons. First, Walker's conviction is recorded in the journal entry that he attached to his complaint. Not only does the journal entry indicate that there was a jury verdict, but the three pages of transcript he submits to rebut the entry do not prove that there was no jury verdict. Therefore, his argument that the trial court lacked jurisdiction to convict him without a jury lacks merit.

**{¶ 7}** Second, Walker has adequate remedies in the ordinary course of the law. Habeas corpus, like other extraordinary writs, is not available when there is an adequate remedy at law. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995); *Luchene v. Wagner*, 12 Ohio St.3d 37, 39, 465 N.E.2d 395 (1984). As we noted in *Walker*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14, "Walker had an adequate remedy in the ordinary course of the law by way of direct appeal and postconviction relief, both of which he has repeatedly sought over the 30 years since his conviction." The lack of a jury verdict would surely have been obvious when he was convicted in 1983, and the issue could have been raised on appeal.

**{¶ 8}** Finally, although Walker filed an affidavit containing a description of some of the civil actions he has filed, it fails to contain "each civil action or appeal of a civil action" that he has filed in the previous five years in any state or federal court as required by R.C. 2969.25(A). Failure to timely file the affidavit mandates dismissal of his petition. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1 (" 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal' "), quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

**{¶ 9}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael Angelo Walker, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Principal Assistant Attorney General, for appellee.

_____