[Cite as *State ex rel. Menton v. Sloan*, 2017-Ohio-7661.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>CHARLES MENTON, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2017-A-0021** |
| | : | |
| - vs - | : | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition denied

*Charles Menton,* pro se, PID: A523-194, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Maura O'Neill Jaite,* Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Charles Menton, pro se, seeks a writ of habeas corpus against Brigham Sloan, Warden of the Lake Erie Correctional Institution, for his immediate release from imprisonment. Warden Sloan has filed a motion to dismiss and/or motion

for summary judgment; however, petitioner has failed to file a brief in opposition. For the reasons that follow, the petition is denied.

{¶2} In May 2006, appellant was indicted by the Mahoning County Grand Jury on multiple counts of rape, aggravated burglary, and kidnapping. The case proceeded to jury trial.

{¶3} The jury found appellant guilty of aggravated burglary, kidnapping, and two counts of rape. A sentencing hearing was held on March 8, 2007. The court sentenced him to ten years on each count to run consecutively for a total of 40 years.

{¶4} Appellant filed a direct appeal, challenging the indictment and the admissibility of evidence; alleging his conviction was against the manifest weight of the evidence; and alleging the ineffectiveness of his trial counsel. After the Seventh District affirmed appellant's conviction, the Ohio Supreme Court declined to accept his discretionary appeal at 130 Ohio St.3d 254, 2011-Ohio-5348.

{¶5} On January 17, 2017, petitioner filed a petition for a writ of habeas corpus, which this court dismissed.

{¶6} On April 11, 2017, appellant filed the instant petition for a writ of habeas corpus, alleging he is being unlawfully restrained at the Lake Erie Correctional Institution. He alleges he is entitled to a writ of habeas corpus due to "sham legal process," lack of subject-matter jurisdiction due to deficiencies in the indictment; and prosecutorial misconduct .

{¶7} A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. A writ of habeas corpus can only be granted if

2

the petitioner can establish one of two circumstances, i.e., (1) that the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) that he is still being held in prison, although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, ¶6. "In an action in habeas corpus, the burden of proof is upon the petitioner to establish his right to release." *Halleck v. Koloski*, 4 Ohio St.2d 76, 77 (1965). Habeas corpus may not be used as a substitute for other forms of action, such as a direct appeal, and the existence of an alternative remedy is enough to remove a petition from habeas consideration. *Cornell v. Schotten*, 69 Ohio St.3d 466, 467 (1994).

**{¶8}** When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true. It must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Alternatively, summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268 (1993).

**{¶9}** With respect to the statutory requirements for petitions for habeas corpus, R.C. 2969.25(A) provides that when an inmate files any civil action or appeal of a civil

3

action against a government employee or entity, such as Warden Sloan, the inmate must file at the same time an affidavit that contains a description of "each civil action or appeal of a civil action" that the inmate has filed in the previous five years in any state or federal court. The requirements of R.C. 2969.25 are mandatory. *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, ¶8. Further, R.C. 2969.25(A) applies to habeas filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶6-9. A petitioner's "belated attempt to file the required affidavit does not excuse his noncompliance." *Id*. at ¶9, citing R.C. 2969.25(A). Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *Walker, supra.*

{¶10} In *Robinson v. LaRose, Warden*, 11th Dist. Trumbull No. 2015-T-0051, 2015-Ohio-4323, this court held that where the petitioner filed an affidavit of his prior civil actions, but listed only two out of his five prior petitions for habeas relief, the petitioner's affidavit of prior civil actions was incomplete, and for this reason, his petition was defective, requiring the writ be dismissed. *Id*. at ¶36-37.

{¶11} In petitioner's affidavit of prior civil actions and appeals, he indicates he has not filed any such actions or appeals. However, on January 17, 2017, petitioner filed in this court a prior habeas petition in Case No. 2017-A-0006, captioned *State ex rel. Charles Menton v. Brigham Sloan, Warden,* which was subsequently dismissed. Due to petitioner's failure to identify his prior habeas filing, his petition is defective and must be dismissed.

{¶12} Further, a habeas petitioner is required to file all pertinent commitment papers along with the petition. R.C. 2725.04(D). Attaching only some of the paperwork is insufficient. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70,

4

71 (2002). If any of the required commitment papers is not included with the petition, it is defective. *Id.* The Ohio Supreme Court has held that the commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). Further, the failure to file all commitment papers with the petition cannot be cured by subsequent filing. *Boyd v. Money*, 82 Ohio St.3d 388, 389 (1998). As this court stated in *State ex rel. Cruz v. Sloan*, 11th Dist. Ashtabula No. 2014-A-0032, 2014-Ohio-5180, 2014 WL 6612264, ¶12: "Without the full scope of relator's commitment papers, it would be impossible for us to fully understand the petition. Due to this defect, the petition must be dismissed."

{¶13} Here, the only committal document attached to the petition is the first page of the trial court's sentencing entry. This document obviously lacks the subsequent pages and thus does not include the last page, which would have included the judge's signature. Appellant thus failed to meet his obligation to attach a complete copy of his sentencing entry to his petition. For this additional reason, his petition is defective and must be dismissed.

{¶14} Turning to the merits of the petition, petitioner is not entitled to immediate release and thus is not entitled to habeas relief. On March 8, 2007, the trial court sentenced him to 40 years in prison and his sentence will not expire until 2046.

{¶15} Further, petitioner's challenges to the trial court's subject-matter jurisdiction fail as a matter of law. First, he argues the trial court lacked such jurisdiction because he did not commit these crimes and, without an indictment against the actual perpetrator, the court lacked jurisdiction. However, petitioner is confusing the lack of subject-matter jurisdiction with the state's alleged failure to prove that petitioner

5

committed these crimes. However, the identity of the perpetrator is merely an element of the crime to be proven at trial and has nothing to do with the court's jurisdiction.

**{¶16}** Next, petitioner argues the court lacked subject-matter jurisdiction due to prosecutorial misconduct through selective prosecution by way of a sham legal process, which, he argues, was initiated by the victim and the state's witnesses in a conspiracy to convict him. However, petitioner's claims of prosecutorial misconduct and perjured testimony, even if presumed true, would not implicate the court's jurisdiction. Moreover, they are not cognizable in habeas corpus because petitioner had an adequate legal remedy by direct appeal to raise these claims. *Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, ¶3.

**{¶17}** Appellant also argues his indictment may be void if Mahoning County's direct indictment program was not legally enacted. However, "[h]abeas corpus is not available to challenge the validity of a charging instrument," such as an indictment. *Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, ¶1. "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430 (1998). Thus, the validity of the indictment could have been challenged on direct appeal.

**{¶18}** Further, since petitioner could have raised, but failed to raise, his prosecutorial-misconduct and defective-indictment arguments on direct appeal, they are barred by res judicata. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996).

6

{¶19} In view of the foregoing, respondent Brigham Sloan's motion to dismiss and/or motion for summary judgment is hereby granted and the petition lacks merit and is therefore denied.

CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.