[Cite as *State ex rel. Allah-U-Akbar v. Ashtabula Cty. Court of Common Pleas*, 2017-Ohio-8626.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, ex rel.<br>MALIK ALLAH-U-AKBAR, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2017-A-0046** |
| | : | |
| - vs - | : | |
| ASHTABULA COUNTY COURT OF<br>COMMON PLEAS, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Malik Allah-U-Akbar,* pro se, PID: A358-112, Chillicothe Correctional Institution, 15802 State Route 104, North Chillicothe, OH 45601 (Relator).

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and Rebecca Divoky, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on a "Writ of Mandamus" filed by relator, Malik Allah-U-Akbar, aka Odraye G. Jones, against respondent, Ashtabula County Court of Common Pleas, and respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. For the reasons that follow, the writ, which we construe as a petition for a writ of mandamus, is dismissed.

{¶2} On November 17, 1997, while Ashtabula Police Officer William D. Glover, Jr., was executing an arrest warrant for aggravated robbery against relator and pursuing him on foot, relator turned around, pulled out a revolver, and began shooting at him.

{¶3} The officer fell to the ground after the first shots, at which time relator walked back to the officer, and, from a distance of two to twelve inches, fired two more shots, one striking the officer below his right eye and the second striking him in the top of the head. Relator then fled the scene.

{¶4} Ashtabula Police Officer Robert Stell located relator several blocks away from the scene of the shooting, still running. Officer Stell ordered him to stop. Relator ignored the command and continued running. Officer Stell pursued him on foot. Relator led Officer Stell to a nearby apartment. Relator tried to force his way in, but a tenant prevented him from entering. As relator was struggling to enter the apartment, Officer Stell approached him, drew his weapon, and ordered him to the ground. Relator threw his revolver in nearby shrubbery. Officer Stell again ordered him to the ground and, this time, he complied. Officer Stell held him at gunpoint until assistance arrived. Officers recovered the weapon and relator was arrested. The gun was later matched to fired cartridge casings recovered at the scene of the shooting, to live cartridges found on relator at the time of his arrest, and to bullets taken from Officer Glover's body.

{¶5} Officer Glover was life-flighted to Cleveland's Metro Hospital, where it was found he sustained substantial brain damage. He died from his gunshot wounds the following morning.

{¶6} The state charged relator with aggravated murder with prior calculation and design with a specification that he killed Officer Glover for the purpose of escaping apprehension for an earlier aggravated robbery offense.

{¶7} On May 26, 1998, the jury found relator guilty as charged, and the case proceeded to the penalty phase. The jury recommended that he be sentenced to death. The trial court concurred. On June 8, 1998, the trial court sentenced him to death.

{¶8} Relator appealed to the Supreme Court of Ohio, and, in *State v. Jones*, 91 Ohio St.3d 335 (2001), the Court affirmed his conviction. The Ohio Supreme Court, in *State v. Jones*, 92 Ohio St.3d 1421 (2001), granted relator's motion to stay execution pending exhaustion of his state post-conviction remedies.

{¶9} Subsequently, relator sought post-conviction relief, which the trial court denied. This court, in *State v. Jones*, 11th Dist. Ashtabula No. 2000-A-0083, 2002-Ohio-2074, affirmed the trial court's judgment. Relator also filed a motion for relief from judgment. The trial court denied that motion and, in *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0072, 2002-Ohio-6914, this court affirmed the trial court's judgment.

{¶10} After relator was unsuccessful in his state direct and post-conviction appeals, in 2003, he filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, raising 34 claims. In *Jones v. Bradshaw, Warden*, 489 F.Supp.2d 786 (N.D.Ohio 2007), the court denied relator's petition, certifying several issues for appeal to the Sixth Circuit. In 2009, the Sixth Circuit remanded the case to the District Court for discovery. The parties completed that discovery and the District Court transferred the case back to the Sixth Circuit in 2015. Most recently, in July 2017, the District Court granted relator's application for a

certificate of appealability regarding some eight issues addressed in the District Court's prior opinions.

{¶11} Before addressing relator's current filing, we note that it is procedurally and substantively defective. First, relator does not refer to his filing as a "petition," but, rather, simply as a "Writ of Mandamus," in violation of R.C. 2731.04. However, in the interest of justice, we construe it as a petition for a writ of mandamus.

{¶12} Further, R.C. 2969.25(A) provides that when an inmate files any civil action or appeal of a civil action against a government entity, such as respondent, the inmate must file at the same time an affidavit that contains a description of "each civil action or appeal of a civil action" that the inmate has filed in the previous five years in any state or federal court. The requirements of R.C. 2969.25 are mandatory. *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, ¶8. A petitioner's "belated attempt to file the required affidavit does not excuse his noncompliance." *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, ¶9, citing R.C. 2969.25(A). Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *Walker, supra*. Thus, relator's belated affidavit regarding prior civil actions, filed two weeks after he filed his petition, cannot save it from dismissal.

{¶13} Moreover, relator's petition fails on the merits. When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true, and it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

4

{¶14} "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

{¶15} Relator made a public records request to the Ashtabula County Prosecutor's Office and the Ashtabula County Sheriff's Office for all statements by or to Teresa Taylor, who was a witness in his murder case. In a letter from the Prosecutor's Office, dated August 3, 2017, the Prosecutor advised relator that, as he had previously advised him, pursuant to R.C. 149.43(B)(8), a person who is incarcerated pursuant to a criminal conviction must obtain an order from the sentencing judge in order to obtain release of the public records requested. The Prosecutor advised relator that, since his request was not accompanied by an order from the judge, his office would not release the records.

{¶16} Relator concedes that he received this letter, but states that in his opinion, R.C. 149.43(B)(8) does not apply to him because he does not believe he was convicted according to law. R.C. 149.43(B)(8) provides in pertinent part:

{¶17} A public office * * * responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

5

{¶18} Despite being advised of this Code section by the Prosecutor, relator has failed to obtain and apparently never sought a court order as referenced in the statute. R.C. 149.43(B)(8) sets forth a procedure that a person in relator's position must follow in order to obtain a copy of any requested public records concerning a criminal investigation or prosecution. It is not sufficient for relator to argue that this section does not apply to him because he does not believe he was properly convicted. Regardless of his opinion, he was found guilty by a jury of aggravated murder. His conviction has been affirmed by the Ohio Supreme Court and his state post-conviction remedies have been exhausted. Unless and until his murder conviction is reversed, he is a person who is incarcerated pursuant to a criminal conviction.

{¶19} Since relator has failed to follow the procedure set forth in R.C. 149.43(B)(8) to obtain public records regarding the investigation and prosecution of his murder case and he has failed to obtain the order referred to therein, he is not entitled to a writ of mandamus. Without having followed the statute, he does not have a clear legal right to disclosure of the records requested; respondent does not have a clear legal duty to order disclosure; and relator has a plain and adequate remedy in the ordinary course of the law that he has failed to pursue.

{¶20} Accordingly, it is the order of this court that respondent's motion to dismiss is granted and relator's petition for writ of mandamus is dismissed.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.