[Cite as *State ex rel. Allah-U-Akbar v. Ashtabula Cty. Court of Common Pleas*, 2017-Ohio-8625.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. MALIK ALLAH-U-AKBAR, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2017-A-0035** |
| | : | |
| - vs - | : | |
| | : | |
| ASHTABULA COUNTY COURT OF COMMON PLEAS, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus and/or Prohibition.

Judgment: Petition dismissed

*Malik Allah-U-Akbar,* pro se, PID: A358-112, Chillicothe Correctional Institution, 15802 State Route 104, North Chillicothe, OH 45601 (Relator).

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and Rebecca Divoky, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Respondent).


PER CURIAM.

{¶1}  This matter is before the court on a "Writ of Mandamus and/or Prohibition" filed by relator, Malik Allah-U-Akbar, aka Odraye G. Jones, against respondent, Ashtabula County Court of Common Pleas, and respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.  For the reasons that follow, the writ, which we construe as a petition for a writ of mandamus and/or prohibition, is dismissed.

{¶2} On November 17, 1997, while Ashtabula Police Officer William D. Glover, Jr., was executing an arrest warrant for aggravated robbery against relator and pursuing him on foot, relator turned around, pulled out a revolver, and began shooting at him.

{¶3} Officer Glover fell to the ground after the first shots, at which time relator walked back to the officer, and, from a distance of two to twelve inches, fired two more shots, one striking the officer below his right eye and the second striking him in the top of the head. Relator then fled the scene.

{¶4} Ashtabula Police Officer Robert Stell located relator several blocks away from the scene of the shooting, still running. Officer Stell ordered him to stop. Relator ignored the command and continued running. Officer Stell pursued him on foot. Relator led Officer Stell to a nearby apartment. Relator tried to force his way in, but a tenant prevented him from entering. As relator was struggling to enter the apartment, Officer Stell approached him, drew his weapon, and ordered him to the ground. Relator threw his revolver in nearby shrubbery. Officer Stell again ordered him to the ground and, this time, he complied. Officer Stell held him at gunpoint until assistance arrived. Officers recovered the weapon and relator was arrested. The gun was later matched to fired cartridge casings recovered at the scene of the shooting, to live cartridges found on relator at the time of his arrest, and to bullets taken from Officer Glover's body.

{¶5} Officer Glover was life-flighted to Cleveland's Metro Hospital, where it was found he sustained substantial brain damage. He died from his gunshot wounds the following morning.

{¶6} The state charged relator with aggravated murder with prior calculation and design with a specification that relator killed the officer for the purpose of escaping apprehension for an earlier aggravated robbery offense.

{¶7} On May 26, 1998, the jury found relator guilty as charged, and the case proceeded to the penalty phase. The jury recommended that he be sentenced to death. The trial court concurred. On June 8, 1998, the trial court sentenced him to death.

{¶8} While relator's murder case was being tried, another indictment charging him with two counts of aggravated robbery was pending. After relator was sentenced to death, on June 9, 1998, the state nolled the aggravated robbery case and the court dismissed it without prejudice.

{¶9} Relator appealed to the Supreme Court of Ohio, and, in *State v. Jones*, 91 Ohio St.3d 335 (2001), the Court affirmed his conviction. The Ohio Supreme Court, in *State v. Jones*, 92 Ohio St.3d 1421 (2001), granted relator's motion to stay execution pending exhaustion of his state post-conviction remedies.

{¶10} Subsequently, relator sought post-conviction relief, which the trial court denied. This court, in *State v. Jones*, 11th Dist. Ashtabula No. 2000-A-0083, 2002-Ohio-2074, affirmed the trial court's judgment. Relator also filed a motion for relief from judgment. The trial court denied that motion and, in *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0072, 2002-Ohio-6914, this court affirmed the trial court's judgment.

{¶11} After relator was unsuccessful in his state direct and post-conviction appeals, in 2003, he filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, raising 34 claims. In *Jones v. Bradshaw, Warden*, 489 F.Supp.2d 786 (N.D.Ohio 2007), the court denied relator's petition,

3

certifying several issues for appeal to the Sixth Circuit. In 2009, the Sixth Circuit remanded the case to the District Court for discovery. The parties completed that discovery and the District Court transferred the case back to the Sixth Circuit in 2015. Most recently, in July 2017, the District Court granted relator's application for a certificate of appealability regarding some eight issues addressed in the District Court's prior opinions.

{¶12} Before addressing relator's current filing, we note that it is procedurally and substantively defective. First, relator does not refer to his filing as a "petition," but, rather, simply as a "Writ of Mandamus and/or Prohibition," in violation of R.C. 2731.04. However, in the interest of justice, we construe it as a petition for a writ of mandamus and/or prohibition.

{¶13} Further, R.C. 2969.25(A) provides that when an inmate files any civil action or appeal of a civil action against a government entity, such as respondent, the inmate must file at the same time an affidavit that contains a description of "each civil action or appeal of a civil action" that the inmate has filed in the previous five years in any state or federal court. The requirements of R.C. 2969.25 are mandatory. *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, ¶8. A petitioner's "belated attempt to file the required affidavit does not excuse his noncompliance." *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, ¶9, citing R.C. 2969.25(A). Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition. *Walker, supra.* Thus, relator's belated affidavit regarding prior civil actions, filed six weeks after he filed his petition, cannot save it from dismissal.

4

**{¶14}** Moreover, relator's petition fails on the merits. When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true, and it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

**{¶15}** "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

**{¶16}** With respect to relator's request for a writ of prohibition, this court stated in *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶15:

> **{¶17}** A writ of prohibition can only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. * * * A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. * * * The writ is an extraordinary remedy which should not be issued in a routine manner. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. [Trumbull] No. 2002-T-0017, 2002-Ohio-6477, ¶15. (Internal citations omitted.)

**{¶18}** Prohibition will lie to prevent the future unauthorized exercise of jurisdiction or to correct the results of previous jurisdictionally-unauthorized actions. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, ¶8.

**{¶19}** In support of his request for a writ of prohibition, relator argues the state's nolle of the aggravated robbery case divested respondent of jurisdiction to enter a final

judgment in the murder case, resulting in a void judgment. This is because, in his view, the nolle of the robbery case equated to an acquittal of that case and also to an acquittal of murder. As for his request for a writ of mandamus, relator argues that he was entitled to a final judgment in the murder case reflecting the dismissal of the robbery case. The fundamental flaw in relator's arguments is that the robbery case and the murder case are separate cases, which did not arise from the same facts. The robbery case alleged two counts of aggravated robbery, one committed on October 18, 1997, and the other, on November 8, 1997, while the aggravated murder was committed on November 17, 1997.

{¶20} Relator made virtually the same arguments in support of a "motion for final judgment," which he filed in the trial court on April 19, 2016. In denying that motion, the trial court adroitly stated:

{¶21} The Court has found no Ohio statute or rule which contemplates a Motion for Final Judgment in a criminal case. It is well-settled that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." * * * *State v. Chamberlain*, 177 Ohio St. 104, 106 (1964).

{¶22} When Defendant was convicted and sentenced to death in June of 1998, he also stood charged with Aggravated Robbery * * *. The indictment in the Aggravated Robbery case was filed November 26, 1997. In fact, the police officer Defendant murdered in the line of duty on November 17, 1997 was attempting to arrest Defendant on a warrant for the Aggravated Robbery. * * * The Aggravated Robbery charge * * * was dismissed on the State's motion, nolle prosequi, after Defendant was convicted of Aggravated Murder and sentenced to death * * *

.

{¶23} Defendant appears to be arguing for a final judgment of acquittal in the Aggravated Robbery case. He then appears to argue that his sentence for Aggravated Murder is void because he was not also found guilty of Aggravated Robbery. These arguments are meritless.

6

{¶24} Nolle prosequi, "if entered before jeopardy attaches, neither operates as an acquittal nor prevents further prosecution of the offense." *C.K. v. State*, 2015-Ohio-3421, ¶15 * * *. Jeopardy never attached in Defendant's Aggravated Robbery case, as no jury was ever empaneled in that case. * * * Thus, the nolle prosequi dismissal did not operate as an acquittal.

{¶25} Moreover, Defendant's conviction and sentence for Aggravated Murder would stand, irrespective of whether he was convicted or acquitted of the Aggravated Robbery charge.

{¶26} The State was not required to prove that Defendant was convicted of Aggravated Robbery in order to convict him of Aggravated Murder. The State was merely required to prove that Defendant purposely, and with prior calculation and design, caused the death of another.

{¶27} With regard to the death penalty specification * * *, the State was required to prove that Defendant committed Aggravated Murder "for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed by the offender." In this case, the offense from which Defendant was attempting to escape detection, apprehension, trial, or punishment was Aggravated Robbery.

{¶28} The Supreme Court of Ohio[, in *State v. Jones*, 91 Ohio St.3d 335 (2001),] found that "defendant's *commission* of the prior offense constitutes an essential element of the R.C. 2929.04(A)(3) specification." (Emphasis added.) *Jones, supra*, at 347. However, there is no requirement under the statute, or any precedent found by this Court, whereby the offender must actually be *convicted* of the prior offense. (Emphasis sic.) Moreover, Defendant's argument clearly could have been raised on direct appeal, and is barred from consideration by this Court under the doctrine of res judicata.

{¶29} In view of the foregoing, relator is not entitled to a writ of mandamus because he failed to establish that he had a clear legal right to a final judgment of acquittal in the robbery case; that respondent had a clear legal duty to issue such entry; or that he had no plain and adequate remedy in the ordinary course of the law. Further, relator failed to establish he was entitled to a writ of prohibition because he failed to

7

establish that: (1) respondent previously exercised judicial power; (2) that the use of that power was jurisdictionally unauthorized; or (3) that the denial of the writ would result in harm for which there is no plain and adequate remedy in the ordinary course of the law.

{¶30} Since respondent generally had jurisdiction over the murder case, the court had the basic authority to decide whether the nolle of the robbery case divested the court of jurisdiction to enter the judgment of conviction in the murder case. Further, even if the court erred in entering the conviction, relator had an adequate remedy at law because he could have raised this issue on direct appeal. *Leatherworks, supra*, at ¶14.

{¶31} Accordingly, it is the order of this court that respondent's motion to dismiss is granted and relator's petition for writ of mandamus and/or prohibition is dismissed.

CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.