[Cite as *Dean v. Marquis*, 2018-Ohio-1801.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RALPH DEAN | JUDGES:<br>Hon. John W. Wise, P.J. |
| Petitioner | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18CA14 |
| DAVID MARQUIS, WARDEN | |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      May 4, 2018

APPEARANCES:

For Petitioner                                    For Respondent

RALPH DEAN, PRO SE                   MAURA O'NEILL JAITE
Inmate No. 169464.00                    Senior Assistant Attorney General
Richland Correctional Institution      Ohio Attorney General's Office
1001 Olivesburg Road                    Criminal Justice Section
P.O. Box 8107                                 150 East Gay Street, 16th Floor
Mansfield, Ohio 44901-8107           Columbus, Ohio 43215

*Hoffman, J.*

{¶1}    Petitioner, Ralph Dean, has filed a Complaint for Writ of Habeas Corpus wherein he argues he is entitled to immediate release from prison because the Interstate Agreement on Detainers ("IAD") was violated.  Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

PROCEDURAL HISTORY

{¶2}    Dean was charged with murder in Richland County, Ohio on November 9, 1976.  Following his initial appearance in municipal court in Richland, Dean was released to the state of Kentucky to face an additional murder charge there.  Once Dean was released to Kentucky, the Richland County murder charge was dismissed.  A secret indictment was issued on January 21, 1977 in Richland County against Dean for the Ohio murder, however, it was not served on Dean but kept sub rosa in a safe in the office of the Richland Common Pleas Clerk of Courts.

{¶3}    Dean plead guilty in Kentucky to a reduced charge of manslaughter on October 18, 1977 and was sentenced to prison.  In August 1981, Dean was paroled in Kentucky.  Shortly thereafter, he was arrested on a warrant from Ohio relating to the Richland County murder indictment.  On August 10, 1982, Dean was convicted of murder in Richland County.

{¶4}    Dean appealed his Richland County murder conviction to this Court wherein he raised issues regarding Ohio's speedy trial statute and the constitutional right to speedy trial.  This Court affirmed his conviction in *State v. Dean*, 5th Dist. Richland No. 2090, 1983 WL 6385.

{¶5} In 1989, Dean filed a federal habeas corpus petition again raising the speedy trial issue. The federal court denied the petition on the basis Dean suffered no actual prejudice due to the delay. *Dean v. Marshall*, 880 F.2d 414 (6th Cir.1989).

{¶6} Dean's prior arguments were classified as speedy trial issues. He now frames his argument as a speedy trial violation of the Interstate Agreement on Detainers.

## HABEAS CORPUS

{¶7} We find Petitioner's claim for habeas corpus does not lie because he has or had an adequate remedy at law to raise the IAD argument on direct appeal and because his claim is barred by res judicata.

{¶8} Habeas corpus, like other extraordinary writs, is not available when there is an adequate remedy at law. *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995); *Luchene v. Wagner,* 12 Ohio St.3d 37, 39, 465 N.E.2d 395 (1984). As we noted in *Walker,* 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14; *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, 65 N.E.3d 744, ¶ 7.

{¶9} "The availability of adequate remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus." *Perry v. Sloan*, 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942, ¶ 4 (2017), *reconsideration denied,* 149 Ohio St.3d 1435, 2017-Ohio-4396, 76 N.E.3d 1210, ¶ 4.

{¶10} The Supreme Court has found that arguments related to jurisdiction and the IAD are able to be made on direct appeal and thus preclude habeas corpus. The Supreme Court found, "[Petitioner] had the opportunity to make an argument based on Article IV(e) [of the IAD] on direct appeal and did not. Habeas relief does not lie when an

adequate remedy at law exists." *State ex rel. Dye v. Bradshaw*, 138 Ohio St.3d 172, 2014-Ohio-453, 5 N.E.3d 592, ¶ 11.

**{¶11}** Because Dean has or had an adequate remedy at law to raise the speedy trial issue related to the IAD by way of direct appeal, habeas corpus cannot issue.

**{¶12}** "Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

**{¶13}** Dean was represented by counsel at trial in Richland County as well as during his appeal from his conviction. Therefore, Petitioner is barred by res judicata from raising the IAD argument except on direct appeal.

**{¶14}** For these reasons, we dismiss the writ of habeas corpus for failing to state a claim upon which relief may be granted.

By: Hoffman, J.

Wise, John, P.J. and

Baldwin, J. concur