**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Simmons v. Black*, **Slip Opinion No. 2022-Ohio-352.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-352

SIMMONS *v*. BLACK, WARDEN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Simmons v. Black*, Slip Opinion No. 2022-Ohio-352.]

*Habeas corpus—Petitioner failed to state a valid claim for relief in habeas—Writ denied.*

(No. 2021-1146—Submitted October 26, 2021—Decided February 10, 2022.)

IN HABEAS CORPUS.

––––––––––––––––––

**Per Curiam.**

{¶ 1} Petitioner, Willie Simmons, seeks a writ of habeas corpus ordering his release from the Lorain Correctional Institution, where respondent, Jennifer Gillece Black, is the warden. We deny the writ.

**I. Factual and Procedural Background**

*A. Allegations in Simmons's Petition*

{¶ 2} Simmons was convicted of sexual battery and gross sexual imposition in 2009 and sentenced to three years and six months in prison. The judgment entry

of conviction states that Simmons "was advised that he is subject to five (5) years post release control pursuant to ORC § 2967.28." Simmons completed his sentence and was released from prison on September 12, 2012.

{¶ 3} On June 25, 2021, the Adult Parole Authority ("APA") took Simmons into custody for allegedly violating the terms of his postrelease control. On July 29, the APA found that Simmons had committed the alleged violation and imposed a prison term of 115 days. Simmons commenced this action on September 10, seeking his release by claiming that the APA lacks authority to imprison him for violating the terms of his postrelease control. We ordered a return of writ. 164 Ohio St.3d 1444, 2021-Ohio-3367, 173 N.E.3d 1234.

### B. Black's Return of Writ

{¶ 4} Black timely filed her return on October 15 and provided the following facts and documentation that Simmons did not include in his habeas petition.

{¶ 5} Shortly after Simmons was released from prison in Ohio, he was transferred to New York for parole supervision relating to a conviction in that state. While in New York, Simmons was convicted of a sex offense in May 2015 and sentenced to three and a half years in a New York prison. Simmons served his sentence and was extradited to Ohio in June 2021.

{¶ 6} When Simmons returned to Ohio, the APA held a hearing on charges that he violated the terms of his postrelease control imposed pursuant to his Ohio convictions. Due to the sex offense he committed in New York, the APA found that Simmons had violated the terms of his Ohio postrelease control and sentenced him to 115 days' incarceration.[1]

---

1. Simmons's five-year period of postrelease control commenced on September 12, 2012, when he was released from prison in Ohio. He was not charged with a postrelease-control violation in Ohio, however, until June 2021. We note that Black's return indicates that the APA declared Simmons a "PRC Violator in Custody" on May 21, 2015. Thus, Simmons's postrelease-control period may not

**II. Analysis**

**{¶ 7}** To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus is generally 'available only when the petitioner's maximum sentence has expired and he is being held unlawfully.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, quoting *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). Habeas is not available to challenge a nonjurisdictional error when there is or was an adequate remedy in the ordinary course of the law. *State ex rel. Walker v. Sloan*, 147 Ohio St.3d 353, 2016-Ohio-7451, 65 N.E.3d 744, ¶ 7.

**{¶ 8}** Simmons alleges that the APA lacks authority to administer postrelease control "when a sentencing entry does not contain all the required enabling statements, such as the APA will administer the PRC and that there are consequences for violating the conditions of PRC." Thus, Simmons is challenging the validity of his imprisonment on the basis that the 2009 sentencing entry did not specify that the APA had the authority to impose or administer the postrelease-control sanction. But this argument does not state a valid claim for relief in habeas corpus.

**{¶ 9}** In order to validly impose postrelease control, a sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement

---

have expired by June 25, 2021, when he was extradited to Ohio. *See* R.C. 2967.15(C)(1) (the time between the date on which a releasee is declared to be a violator and the date on which he is returned to APA custody in Ohio does not count as part of the term of postrelease control). For his part, Simmons does not expressly allege the expiration of his postrelease-control period as a basis for his habeas claim, and he filed a waiver of the opportunity to respond to Black's return.

to the effect that the APA will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, 13. Simmons cites *Grimes* as authority for his claimed right to immediate release, alleging that his sentencing entry lacked the third element from *Grimes*.

{¶ 10} However, we clarified the meaning of *Grimes* in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. In *Harper*, as in this case, the sentencing entry failed to advise the defendant of the consequences of violating the conditions of his release. But we rejected the notion that this defect rendered a sentence void; instead, we held that any error in the imposition of the postrelease-control sanction was an error in the exercise of jurisdiction that could have been corrected on appeal. *Id*. at ¶ 41.

{¶ 11} Simmons claims that *Harper* does not bar this action, because he is challenging the APA's authority to enforce the postrelease-control sanction and not the validity of the trial court's sentencing entry. But this is a distinction without a difference. We rejected in *Harper* the proposition that an omission in the sentencing entry voids the imposition of postrelease control. And Simmons had an adequate remedy by way of appeal to challenge any error in his sentencing entry.

{¶ 12} For these reasons, Simmons is not entitled to relief in habeas corpus.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Willie Simmons, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for respondent.

January Term, 2022

_____