[Cite as *State v. Dover*, 2012-Ohio-1181.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00193 |
|  | : |  |
|  | : |  |
| COURTNEY A. DOVER | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Stark County
                                                           Court of Common Pleas Case No.
                                                           2007-CR-0153

JUDGMENT:                                         Affirmed

DATE OF JUDGMENT ENTRY:          March 12, 2012

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

JOHN D. FERRERO                            COURTNEY A. DOVER, pro se
Prosecuting Attorney                          Inmate No. 5247-192
Stark County, Ohio                             Grafton Correctional Institution
                                                          2500 S. Avon-Beldon Road
BY: KATHLEEN O. TATARSKY           Grafton, Ohio 44044
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South
Suite 510
Canton, Ohio 44702-1413

*Edwards, J.*

{¶1} Defendant-appellant, Courtney Dover, appeals from the August 18, 2011, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Correct an Illegal Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 20, 2007, the Stark County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2),a felony of the second degree, one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree, and one count of endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree. The charge of felonious assault was accompanied by a fireman specification. At his arraignment on February 23, 2007, appellant entered pleas of not guilty to the charges.

{¶3} Subsequently, a jury trial commenced on April 10, 2007. At the conclusion of the evidence and the end of deliberations, the jury, on April 11, 2007, found appellant guilty of all charges. As memorialized in a Judgment Entry filed on April 18, 2007, appellant was sentenced to an aggregate sentence of ten (10) years in prison.

{¶4} Appellant appealed his conviction and sentence. Pursuant to an Opinion filed in *State v. Dover*, 5th Dist. No. 2007-CA-00140, 2008-Ohio-1071, this Court affirmed appellant's conviction and sentence.

{¶5} On May 23, 2011, appellant filed a Motion to Correct an Unlawful Sentence, arguing that the charges of improperly handling firearms in a motor vehicle and endangering children were allied offenses and "thus Subject to Merger in the

prosecution arising out of the Defendant's felonious assault on the victim." The motion was denied via a Judgment Entry filed on June 9, 2011.

{¶6}    Thereafter, on August 15, 2011, appellant filed a Motion to Correct Illegal Sentence, arguing that the verdict form for felonious assault failed to conform to the mandates set forth on *State v. Pelfrey,* 112 Ohio St.3d 422, 2007–Ohio–256, 860 N.E.2d 735. The trial court, as memorialized in a Judgment Entry filed on August 18, 2011, denied appellant's motion. The trial court, in its Judgment Entry, held that even if it were to construe appellant's motion as a Petition for Post Conviction Relief, the same was not timely filed and also that the arguments raised in appellant's motion were not raised on direct appeal.

{¶7}    Appellant now raises the following assignment of error on appeal:

{¶8}    "I. THE TRIAL COURT ERRED IN ENTERING A CONVICTION OF A SECOND DEGREE FELONY AND IMPOSING A SENTENCE THAT IS NOT IN ACCORDANCE WITH OHIO REVISED CODE 2945.75.(A)(2).

{¶9}    "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED MR. DOVER'S MOTION TO CORRECT AN ILLEGAL SENTENCE FOR LACK OF MERITS AND DECLARING THE MOTION TO BE A POST CONVICTION MOTION WHICH WAS UNTIMELY FILED."

I

{¶10}   Appellant, in his first assignment of error, argues that the trial court erred in denying his Motion to Correct an Illegal Sentence because the verdict form in his case did not comply with R.C. 2945.75(A)(2).

{¶11}   R.C. 2945.75 provides, in relevant part, as follows:

{¶12} "(A) When the presence of one or more additional elements makes an offense one of more serious degree:…

{¶13} "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶14} The Supreme Court of Ohio has interpreted this statute to provide the requirements for what must be included in a jury verdict form. *State v. Pelfrey,* 112 Ohio St.3d 422, 2007–Ohio–256, 860 N.E.2d 735, ¶ 14. The *Pelfrey* Court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* See also, *State v. Nethers,* 5th Dist. No. 07 CA 78, 2008–Ohio–2679, ¶ 51.

{¶15} In *Pelfrey,* after the jury found him guilty, the appellant was sentenced on the third-degree felony conviction to serve four years in prison. The Second District Court of Appeals affirmed Pelfrey's conviction, rejecting a manifest-weight-of-the-evidence argument. *State v. Pelfrey,* 2nd Dist. No. 19955, 2004–Ohio–3401 (June 25, 2004). The court of appeals subsequently granted Pelfrey's application to reopen the appeal under App.R. 26(B). Pelfrey argued that the trial court had erred in entering a conviction of a third-degree felony because the verdict form and the trial court's subsequent verdict entry were inadequate to support a conviction of tampering with

government records. Instead, Pelfrey argued that he could have been convicted only of the misdemeanor offense of tampering with records. See R.C. 2913.42(B)(2).

**{¶16}** The Second District Court of Appeals agreed with Pelfrey's argument and stated, "'Pelfrey's failure to raise this defect *at trial* did not waive it, and the fact that the indictment and jury instructions addressed the government-records issue did not cure the non-compliance with R.C. 2945.75(A)(2).'" *State v. Pelfrey,* 2nd Dist. No. 19955, 2005–Ohio–5006, ¶ 23, quoting *State v. Woullard,* 158 Ohio App .3d 31, 2004–Ohio–3395, ¶ 23.(Emphasis added). The court of appeals held that "the trial court was required to enter a conviction for first-degree misdemeanor tampering with records, which is the least degree of the offense under R.C. § 2913.42." *Id.* The Ohio Supreme Court, in *Pelfrey,* agreed that he did not waive the error by failing to raise it in the *trial* court.

**{¶17}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on any appeal from that judgment." *State v. Svefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

**{¶18}** In the case sub judice, appellant did not seek to present his arguments as a timely direct appeal; rather he filed a Motion to Correct an Illegal Sentence subsequent to the time when he could have raised the issue in a direct appeal. We find no reason to override the general rule in Ohio that a trial court has no authority to reconsider a valid final judgment in a criminal case. *State v. Brown,* 5th District No. 09–

CA–137, 2010–Ohio–2757, ¶ 19, citing *State v. Moore,* 4th Dist. No. 03CA18, 2004–Ohio–3977.

**{¶19}** As this Court has previously noted, *Pelfrey* applies only in a procedural posture of a direct appeal. *State v. Branco,* 5th Dist. No. 2010–CA–00098, 2010–Ohio–3856, ¶ 14; *State v. Brown,* 5th Dist. No. 09–CA–137, 2010–Ohio–2757, ¶ 17. In the case at bar, appellant could have, but did not, raise this issue on direct appeal. Appellant had the opportunity to raise this issue on direct appeal, but, unlike the defendant in *Pelfrey,* he failed to do so. The doctrine of res judicata bars appellant from raising this issue anew via a motion to vacate a sentence. *State v. Foy,* 5th Dist. No.2009–CA–00239, 2010–Ohio–2445, ¶ 8. See also *State v. Miller*, 5th Dist. No. 2011–CA–00074, 2011-Ohio-3039.

**{¶20}** Because appellant could have raised this claim on direct appeal, we find that the doctrine of res judicata is applicable and that the trial court did not err in denying his Motion to Correct Illegal Sentence.

**{¶21}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶22}** Appellant, in his second assignment of error, argues that the trial court erred in finding that his Motion to Correct Illegal Sentence was an untimely filed Petition for Post Conviction Relief.

{¶23} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

{¶24} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d1215

[Cite as *State v. Dover*, 2012-Ohio-1181.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| COURTNEY A. DOVER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00193 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES