[Cite as *State v. Dover*, 2014-Ohio-3200.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2014 CA 00073 |
| COURTNEY A. DOVER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2007 CR 00153


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 21, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       COURTNEY DOVER
PROSECUTING ATTORNEY                  PRO SE
KATHLEEN O. TATARSKY                  FRANKLIN MEDICAL CENTER
ASSISTANT PROSECUTOR                  1800 Harmon Avenue
110 Central Plaza South, Suite 510    Columbus, Ohio  43223
Canton, Ohio  44702-1413

*Wise, P. J.*

{¶1}    Defendant-appellant, Courtney A. Dover, appeals from the April 16, 2014, Judgment Entry of the Stark County Court of Common Pleas denying his "Motion for Plain Error Review."

{¶2}    Plaintiff-appellee is the State of Ohio.

{¶3}    This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4}    "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶5}    This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶6}    The facts and procedural history of this case are as follows:

{¶7}    On January 12, 2007, Perry Township Police Officer William Watson responded to the scene of a shooting at the Marc's Plaza on Tuscarawas Street in Perry Township, Ohio. As he pulled into the parking lot, he saw a man lying on the ground bleeding from a large wound in the buttocks area. Officer Watson saw no weapon but taped off the area as a crime scene and asked for the names of any witnesses. Officers located the injured man's vehicle, still running, in the parking lot. Sarah Dotson, who was shopping with her daughter, told Officer Watson she heard what sounded like a cap

gun and saw a man stumble and collapse. She approached the injured man and determined that he was bleeding. The man requested that she contact his girlfriend. She then saw a dark car with circular brake lights leave the parking area. Ms. Dotson called 911.

{¶8} The police did not recover a weapon or shell casings from the scene of the incident. Prior to being taken by ambulance to the hospital, the injured man told police that "Corey" had shot him.

{¶9} The ambulance squad arrived and took the injured man to Aultman Hospital. The man was identified as George Curlutu, an unemployed felon. In 2000, he was convicted of possession of cocaine and marijuana and sentenced to three years in prison. In 2004, he was convicted of a second count of possessing cocaine and tampering with evidence. He served a two-year prison term.

{¶10} Curlutu and appellant were acquaintances and met at St. Mary's Church in Massillon, Ohio at a Texas Hold-Em tournament. They occasionally played poker and smoked weed at appellant's residence on 4th Street near the Canton Baptist Temple. On the day of the shooting, appellant called Curlutu and asked to meet at the Aldi's parking lot. Sensing a chance to go on a "blunt ride"-where you smoke weed together-. Curlutu skipped his classes at barber school and met appellant at the parking lot. Curlutu knew appellant only as "C" or "Corey."

{¶11} Curlutu testified that on the day in question he smoked marijuana. He further stated that he was under the influence of marijuana at the time of the incident. Medical records indicated he also had cocaine and valium in his system. Curlutu denied

being under the influence of those substances. However, he admitted that he had used narcotics in the days preceding the incident.

{¶12} Curlutu pulled into the parking lot and waited for appellant, who arrived driving a blue Chevrolet Impala with tinted windows. Curlutu noticed a little girl in a car seat dressed in a pink coat. Curlutu exited his car, leaving the motor running, and got into appellant's car. Appellant asked Curlutu if he could borrow $300 or $400. Curlutu told appellant he did not have money like that. Appellant responded by reaching down to the left hand part of the door and pulling out a longer barrel revolver. Curlutu's first reaction was to grab the revolver with his left hand. A struggle ensued and the revolver landed on the car seat. Curlutu opened the car door to run and was shot in the buttocks.

{¶13} Curlutu fell down and appellant pulled out of the parking lot. Curlutu was taken to Aultman Hospital. Surgery was performed and eventually a deformed bullet-a .38 special or .357-caliber bullet-was removed from his buttocks area.

{¶14} Detective Matthew Barker of the Perry Township Police Department was called to the scene to assist in the investigation of the shooting. Detective Barker talked with Curlutu at the hospital. Curlutu called his friend, Todd McCune, to learn more about the shooter. Detective Barker learned the shooter's first name was "Courtney," that he drove a blue Chevrolet Impala with tinted windows and lived by the Canton Baptist Temple. Detective Barker also learned the shooter's cell phone number and that he had purchased the phone or minutes for the phone at Hever's Meats. Armed with the cell phone number, Detective Barker went to Hever's Meats and learned that the cell phone number belonged to appellant, and his address was 4456 4th Street N.W., Perry Township, Ohio. Curlutu showed Detective Barker the residence where the shooter

resided, and it matched the address of appellant that Detective Barker had obtained from Hever's Meats.

{¶15} Detective Barker placed a photograph of appellant in a photo lineup with five other males with the same physical characteristics. Two days after the shooting, Curlutu identified appellant's photograph as the shooter and told Detective Barker that he was 100 percent sure of his identification.

{¶16} Detective Barker went to the home on 4th Street identified as appellant's residence. Detective Barker saw signs that someone was home. He knocked on the door but received no response. Thirty minutes later Tammy Young, appellant's girlfriend and mother of his one-year-old daughter, came home. Ms. Young gave Detective Barker permission to enter the home. Inside the home Detective Barker found appellant carrying a blue cell phone with a telephone number (330) 371-3453. Detective Barker also collected from the home three coats or jackets belonging to appellant and a box of Winchester .38-caliber ammunition. A blue Chevrolet Impala belonging to Ms. Young was also at the residence. Ms. Young testified appellant had keys to the car. Ms. Young told the police that she was at work at the time of the incident. Appellant was watching their child when she left but could have taken the child to a baby sitter.

{¶17} The three coats or jackets belonging to appellant were taken from the home and sent to the Stark County Crime Laboratory for DNA testing. Officers also obtained and sent to the Crime Laboratory oral swabs from the victim for comparison. Kylie Graham, a technician with the laboratory, compared three areas of bloodstains on a gold coat belonging to appellant with the oral swabs taken from the inner cheek of

Curlutu. Graham opined that the bloodstains on the coat matched Curlutu's blood in three areas.

{¶18} On February 20, 2007, the Stark County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2),a felony of the second degree, one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree, and one count of endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree. The charge of felonious assault was accompanied by a fireman specification. At his arraignment on February 23, 2007, appellant entered pleas of not guilty to the charges.

{¶19} Subsequently, a jury trial commenced on April 10, 2007. At the conclusion of the evidence and the end of deliberations, the jury, on April 11, 2007, found appellant guilty of all charges. As memorialized in a Judgment Entry filed on April 18, 2007, appellant was sentenced to an aggregate sentence of ten (10) years in prison.

{¶20} Appellant appealed his conviction and sentence. Pursuant to an Opinion filed in *State v. Dover*, 5th Dist. Stark No. 2007-CA-00140, 2008-Ohio-1071, this Court affirmed appellant's conviction and sentence.

{¶21} On May 23, 2011, appellant filed a Motion to Correct an Unlawful Sentence, arguing that the charges of improperly handling firearms in a motor vehicle and endangering children were allied offenses and "thus Subject to Merger in the prosecution arising out of the Defendant's felonious assault on the victim." The motion was denied via a Judgment Entry filed on June 9, 2011.

{¶22} Thereafter, on August 15, 2011, appellant filed a Motion to Correct Illegal Sentence, arguing that the verdict form for felonious assault failed to conform to the

mandates set forth on *State v. Pelfrey,* 112 Ohio St.3d 422, 2007–Ohio–256, 860 N.E.2d 735. The trial court, as memorialized in a Judgment Entry filed on August 18, 2011, denied appellant's motion. The trial court, in its Judgment Entry, held that even if it were to construe appellant's motion as a Petition for Post Conviction Relief, the same was not timely filed and also the arguments raised in appellant's motion were not raised on direct appeal.

{¶23} This Court affirmed the conviction and sentence in *State v. Dover*, 5th Dist. Stark No. 2011CA000193, 2012-Ohio-1181.

{¶24} On October 1, 2012, Appellant filed another motion captioned as a "motion to correct and resentence", wherein he repeated his *Pelfrey* and allied offense arguments. Appellant requested that the trial court give him a more lenient sentence than the seven year sentence he received. In its judgment entry, the trial court rejected his motion.

{¶25} Appellant filed his third appeal with the assistance of the Ohio Public Defender. This Court rejected his appeal citing the doctrine of *res judicata. Slate v. Dover,* 5th Dist. Stark No. 2012CA00204, 2013-Ohio-2634.

{¶26} On April 11, 2014, appellant filed a motion entitled "Motion for Plain Error Review" claiming that the indictment was defective violating his right to a unanimous jury verdict. In its judgment entry, the trial court denied the motion finding that the arguments he made had already been disposed of in this Court's previous three opinions. See Judgment Entry April 16, 2014.

{¶27} Appellant now brings this fourth appeal, assigning the following error for review:

ASSIGNMENT OF ERROR

{¶28} "I. THE TRIAL COURT ERRED WHEN IT DENIED, WITHOUT A HEARING, MR. DOVER'S MOTION REQUESTING A PLAIN ERROR REVIEW OF HIS INDICTMENT UNDER CRIMINAL RULE 52(B) AND CRIMINAL RULE 12(H)."

I

{¶29} Appellant, in his sole Assignment of Error, argues that the trial court erred in denying his Motion for plain error review. We disagree.

{¶30} In this most recent motion, Appellant argues that he was deprived of a unanimous jury verdict because the indictment charged him with felonious assault under R.C. 2903.11(A)(1) and/or A(2).

{¶31} Upon our review, we find Appellant's motion should be construed as a petition for post-conviction relief and dismissed on the basis of *res judicata,* because Appellant could have raised his claims on direct appeal. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus:

{¶32} "Under the doctrine of *res judicata,* a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

{¶33} In the case sub judice, appellant could have presented this argument as a timely direct appeal; rather, he filed a Motion for Plain Error Review subsequent to the time when he could have raised the issue in a direct appeal.

**{¶34}** The doctrine of res judicata bars appellant from raising this issue anew via a motion for plain error review. Because appellant could have raised this claim on direct appeal, we find that the doctrine of res judicata is applicable and the trial court did not err in denying his Motion.

**{¶35}** Appellant's sole Assignment of Error is, therefore, overruled.

**{¶36}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0625