[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Perry v. Sloan,* Slip Opinion No. 2017-Ohio-1404.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1404

PERRY, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Perry v. Sloan,* Slip Opinion No. 2017-Ohio-1404.]**

*Habeas corpus—Habeas corpus is not available to challenge validity of jury-verdict forms—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0750—Submitted February 28, 2017—Decided April 18, 2017.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2015-A-0064, 2016-Ohio-1605.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals dismissing the petition of appellant, Ronnie Perry, for a writ of habeas corpus.

{¶ 2} In 2013, Perry was convicted in the Richland County Court of Common Pleas of drug offenses in two separate cases.  He was sentenced to a total of nine years in prison.  Perry contends that the jury-verdict forms in both cases were insufficient to support his convictions and that the most he could have been

sentenced to was either one or two years.  Because he has served more than three years, Perry contends that he is entitled to immediate release.  The court of appeals granted the motion of appellee, Warden Brigham Sloan, to dismiss the petition.

{¶ 3} Habeas corpus is not available to challenge the validity of verdict forms.  *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 8.  Perry's "claims of erroneous * * * verdict forms could have been raised in his direct appeal from his criminal convictions and sentences."  *Smith v. Mitchell*, 80 Ohio St.3d 624, 625, 687 N.E.2d 749 (1998).  Therefore, Perry had an adequate remedy in the ordinary course of law and is not entitled to a writ of habeas corpus. *Id.*

{¶ 4} Perry claims that he does not have an adequate remedy because his appellate attorney failed to raise a challenge to the verdict forms on direct appeal.  However, Perry could have filed an application to reopen his appeal under App.R. 26(B) based on ineffective assistance of counsel.  The availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus.  *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 14-15.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Ronnie Perry, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____