[Cite as *State v. Perry*, 2018-Ohio-4395.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA54 |
| RONNIE PERRY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 2012-CR-832

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 26, 2018

APPEARANCES:

For Plaintiff-Appellee

JOSEPH C. SNYDER
ASSISTANT PROSECUTOR
38 South Park St., 2nd Fl.
Mansfield, OH 44902

For Defendant-Appellant

RONNIE PERRY A642-540
Lake Erie Correctional Institution
Box 8000
Conneaut, OH 44030

*Gwin, P.J.*

{¶1} Appellant Ronnie Perry appeals the June 5, 2018 judgment entry of the Richland County Court of Common Pleas overruling his motion to vacate. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} This case arose when the narcotics unit of the Mansfield Police Department received tips regarding shipments of marijuana from Los Angeles to Mansfield. According to informants, the marijuana was delivered to several different addresses throughout Mansfield to be received by Layton Dawes and appellant, who sometimes used other people to accept delivery.

{¶3} In Case Number 2012 CR 421, appellant was charged with one count of marijuana possession in an amount greater than 5000 grams but less than 20,000 grams and one count of trafficking in marijuana. In Case Number 2012 CR 832, appellant was charged with possession of marijuana in an amount greater than 40,000 grams. The trial court consolidated the two cases.

{¶4} After a jury trial, appellant was found guilty as charged. In Case Number 2012 CR 421, Count I merged into Count II and the trial court sentenced appellant to a prison term of 15 months (later amended to 12 months). In Case Number 2012 CR 832, appellant was sentenced to a prison term of eight years to be served consecutively to the sentence in 2012 CR 421.

{¶5} Appellant filed a direct appeal and argued the trial court erred in not suppressing evidence. We overruled appellant's assignment of error and affirmed the judgment of the trial court. *State v. Perry*, 5th Dist. Richland Nos. 13CA56, 14CA27,

14CA28, 2015-Ohio-779. Appellant appealed to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction to hear the appeal. *State v. Perry*, 143 Ohio St.3d 1406, 2015-Ohio-2747, 34 N.E.3d 133.

{¶6} Appellant filed a writ of habeas corpus with the Eleventh District Court of Appeals, arguing he was entitled to immediate release because the jury verdict forms failed to contain either the degree or the elements of the crimes of which he was convicted. The Eleventh District found appellant's arguments with respect to the jury verdict forms were barred by res judicata and dismissed appellant's petition for a writ of habeas corpus. *Perry v. Sloan*, 11th Dist. Ashtabula No. 2015-A-0064, 2016-Ohio-1605. Appellant appealed to the Ohio Supreme Court. The Ohio Supreme Court affirmed the judgment of the Eleventh District Court of Appeals dismissing the petition for habeas corpus, finding appellant's claims of erroneous verdict forms could have been raised in his direct appeal from his criminal convictions and sentences. *Perry v. Sloan*, 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942.

{¶7} On May 10, 2018, appellant filed a motion for order to show cause and vacation of judgment/order. Appellant argued his conviction should be vacated because the trial court failed to merge the counts in Case Number 2012 CR 421 and Case Number 2012 CR 832 and because the jury verdict forms failed to comply with R.C. 2945.75. Appellee filed a memorandum in response on May 23, 2018.

{¶8} The trial court issued a judgment entry overruling appellant's motion on June 5, 2018. The trial court found appellant's argument regarding merging allied offenses to be barred by res judicata. The trial court also noted that the charges at issue are not allied offenses because the offenses were committed separately, five months

apart, involved separate quantities of drugs, and the November 19, 2012 offense was committed while appellant was out on bond for the June 18, 2012 offenses. The trial court also noted that the counts in Case Number 2012 CR 421 were found to be allied offenses as they were committed on the same date and involved the same drugs and appellant was only sentenced on Count II.

**{¶9}** As to appellant's argument that the jury verdict forms failed to conform to the requirements of R.C. 2945.75, the trial court found res judicata applies to arguments involving jury verdict forms that fail to comply with R.C. 2945.75.

**{¶10}** Appellant appeals the June 5, 2018 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

**{¶11}** "I. THE VERDICT FORM ONLY SUPPORTS A CONVICTION FOR THE LEAST DEGREE OF OFFENSE CHARGED BECAUSE THE VERDICT FORM DID NOT STATE THE DEGREE OF THE OFFENSE OR INCLUDE THE AGGRAVATING ELEMENT OF THE OFFENSE, AS REQUIRED BY R.C. 2945.75."

I.

**{¶12}** Appellant argues the jury verdict forms failed to conform to the requirements of R.C. 2945.75 because the verdict forms did not include either the degree of the offense or the aggravating element of the violation. Appellant further argues the verdict forms in this case do not comply with *State v. Pelfry*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

**{¶13}** Appellant contends his sentence is void based on R.C. 2945.75(A)(2), which provides:

(A) When the presence of one or more additional elements makes an

    offense one of more serious degree:

(2) A guilty verdict shall state either the degree of the offense of which the

offender is found guilty, or that such additional element or elements are

present. Otherwise, a guilty verdict constitutes a finding of guilty of the least

degree of the offense charged.

**{¶14}** In *Pelfry*, the Ohio Supreme Court considered the plain language of R.C.

2945.75 and held a verdict form signed by a jury must include either the degree of the

offense of which the defendant is convicted or a statement that the aggravating element

has been found to justify convicting a defendant of a greater degree of a criminal offense.

An insufficient verdict form results in a finding of guilty on the least degree of the offense

charged pursuant to R.C. 2945.75(A)(2). 112 Ohio St.3d 422, 2007-Ohio-256, 860

N.E.2d 735.

**{¶15}** We have previously held that a sentence is not rendered void by the court's

failure to comply with R.C. 2945.75(A)(2), and the claim must be raised on direct appeal.

*State v. King*, 5th Dist. Muskingum No. CT2017-0021, 2017-Ohio-4258 *appeal not*

*allowed sub nom. State v. King*, 150 Ohio St.3d 1454, 2017-Ohio-8136, 83 N.E.3d 939;

*State v. Brown*, 5th Dist. Richland No. 09 CA 137, 2010-Ohio-2757; *State v. Garver*, 5th

Dist. Holmes No. 10-CA-11, 2011-Ohio-2349; *State v. Wilson*, 5th Dist. Richland No.

14CA81, 2015-Ohio-1528.

**{¶16}** Additionally, *Pelfrey* applies only in a procedural posture of a direct appeal.

*State v. Dover*, 5th Dist. Stark No. 2011CA00193, 2012-Ohio-1181.

**{¶17}** Accordingly, appellant's claim should have been raised on direct appeal and is now barred by the doctrine of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on direct appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). In the case at bar, appellant could have, but did not, raise this issue on direct appeal. Appellant had the opportunity to raise this issue on direct appeal, but, unlike the defendant in *Pelfrey*, he failed to do so. The doctrine of res judicata bars appellant from raising this issue anew via a motion to vacate a sentence. *State v. Dover*, 5th Dist. Stark No. 2011CA00193, 2012-Ohio-1181.

**{¶18}** Based on the foregoing, appellant's assignment of error is overruled.

{¶19}   The June 5, 2018 judgment entry of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J,

Hoffman, J., and

Wise, Earle, J., concur