[Cite as *State ex rel. Person v. McCarty*, 2020-Ohio-3532.]

STATE OF OHIO     )               IN THE COURT OF APPEALS
                    )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE EX REL. MICHAEL PERSON

    Relator                        C.A. No.     29700

    v.

HONORABLE JUDGE ALISON          ORIGINAL ACTION IN
MCCARTY                          MANDAMUS

    Relator

Dated: June 30, 2020

PER CURIAM.

{¶1} Michael Person has filed a complaint asking this Court for a writ of mandamus directed to Judge Alison McCarty, who presided over his criminal case, seeking an order to vacate his sentence and hold a new sentencing hearing. Judge McCarty moved to dismiss, and Mr. Person responded to the motion. Because Mr. Person has not demonstrated that he has a clear legal right to relief, and because he had an adequate remedy at law, Judge McCarty's motion to dismiss is granted.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). Relator must demonstrate all three

elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3}   Mr. Person's complaint alleged that he was indicted for a variety of offenses, including, among others, kidnapping. As to kidnapping, he was indicted for violating R.C. "2905.01(A)(3) and/or (A)(4)". The jury returned a guilty verdict on all counts, including a guilty verdict for "kidnapping" without reference to a specific section. Judge McCarty sentenced Mr. Person, he appealed, and this Court affirmed the trial court's judgment. *State v. Person*, 9th Dist. Summit No. 27600, 2016-Ohio-681.

{¶4}   Mr. Person has asserted in his complaint that his conviction must be vacated because it is not clear whether the jury reached a unanimous verdict on the kidnapping count. Specifically, he contends that it is not clear whether the jury unanimously found him guilty for violating R.C. 2905.01(A)(3) *or* R.C. 2905.01(A)(4). Mr. Person has also alleged that his attorney was ineffective in failing to tell him that he only had 90 days to file an application to reopen his direct appeal, so he missed the opportunity to pursue this remedy. Thus, he concludes, mandamus is the only relief available to him.

{¶5}   Mr. Person asks this Court to order the trial court to vacate his judgment of conviction and order de novo sentencing because it is unclear whether the jury unanimously found him guilty of violating R.C. 2905.01(A)(3) or R.C. 2905.01(A)(4).

Based on the facts alleged in the complaint, Mr. Person is not entitled to mandamus relief. He has not demonstrated any facts to show that he has a clear legal right to the relief prayed for and he had a plain and adequate legal remedy by way of appeal.

{¶6} Crim.R. 31(A) requires jury verdicts to be unanimous. That is, all 12 jurors must agree that the elements of an offense have been proved beyond a reasonable doubt, but the "jurors need not agree to a single way by which an element is satisfied[,]" if the element can be satisfied by one of several possible means. *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 38 (plurality opinion). Mr. Person was not deprived of a unanimous verdict simply because the jury was not required to agree unanimously as to the purpose for which Mr. Person kidnapped the victim. *State v. Fry*, 125 Ohio St.3d 163, ¶ 123, quoting *Gardner* at ¶ 68. Because the underlying premise of Mr. Person's argument is not supported, he has not demonstrated that he has a clear legal right to be resentenced.

{¶7} Mr. Person also had an adequate remedy at law to raise this issue. "The availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, ¶ 8, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, paragraph three of the syllabus. Mr. Person "had access to an adequate remedy in the ordinary course of law by way of appeal of that decision, regardless of whether he used that remedy. If an adequate remedy was available but [Mr. Person] failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, ¶ 3-4, citing *State ex rel. Alhamarshah v. Indus. Comm.*, 142

Ohio St.3d 524, 2015-Ohio-1357, ¶ 11; *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996), citing *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 73 Ohio St.3d 189, 192–193 (1995).

{¶8} Mr. Person pursued an appeal of his conviction, but did not raise the argument he now asserts in this mandamus action. Because appeal was available as an adequate remedy, he is not entitled to a writ of mandamus. Likewise, his failure to timely pursue an application to reopen does not provide an additional opportunity to pursue mandamus relief; the remedy was available and that is sufficient to preclude mandamus relief.

{¶9} Because Mr. Person is not entitled to a writ of mandamus, the motion to dismiss is granted, and this case is dismissed.

{¶10} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL PERSON, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.