[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Person v. McCarty*, Slip Opinion No. 2021-Ohio-1207.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1207

THE STATE EX REL. PERSON, APPELLANT, *v.* MCCARTY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Person v. McCarty*, Slip Opinion No. 2021-Ohio-1207.]

*Mandamus—Relator had adequate remedy at law by way of direct appeal to challenge unanimity of jury verdict—Relator had adequate remedy at law by way of App.R. 26(B) application for reopening to raise claim of ineffective assistance of appellate counsel—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2020-0894—Submitted January 26, 2021—Decided April 13, 2021.)

APPEAL from the Court of Appeals for Summit County,

No. 29700, 2020-Ohio-3532.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael Person, appeals the judgment of the Ninth District Court of Appeals dismissing his complaint for a writ of mandamus compelling

appellee, Summit County Common Pleas Court Judge Alison McCarty, to vacate his conviction and resentence him. We affirm.

*Background*

{¶ 2} In March 2014, Person was indicted on multiple felony charges, including rape, felonious assault, and "kidnapping * * * in violation of Section 2905.01(A)(3) and/or (A)(4) of the Ohio Revised Code." R.C. 2905.01(A)(3) makes it an offense to remove a person or restrain the liberty of a person in order to "terrorize, or to inflict serious physical harm on the victim or another." Under R.C. 2905.01(A)(4), it is a kidnapping offense to remove a person or restrain the liberty of a person in order to "engage in sexual activity * * * with the victim against the victim's will."

{¶ 3} Following an October 2014 trial before Judge McCarty, the jury found Person guilty of all charges. With respect to the kidnapping charge, the jury did not specify whether Person had violated R.C. 2905.01(A)(3), (A)(4), or both.

{¶ 4} Person appealed. His appeal did not raise the alleged ambiguity in the kidnapping conviction. The court of appeals affirmed Person's convictions and sentences, *State v. Person*, 9th Dist. Summit No. 27600, 2016-Ohio-681, ¶ 1, 34, and we subsequently denied his motion for leave to file a delayed appeal before this court, 146 Ohio St.3d 1469, 2016-Ohio-5108, 54 N.E.3d 1268.

{¶ 5} On March 11, 2020, Person filed a complaint for a writ of mandamus in the Ninth District Court of Appeals against Judge McCarty. Person alleged that because he was charged with alternative kidnapping offenses, and the jury did not specify which offense he was guilty of, the jury failed to render a unanimous verdict. In addition, he alleged ineffective assistance of appellate counsel, citing counsel's failure to raise the unanimous-verdict issue on direct appeal and counsel's failure to then advise Person of his right to apply for the reopening of his appeal pursuant to App.R. 26(B).

2

{¶ 6} The court of appeals granted Judge McCarty's motion to dismiss the complaint for failure to state a claim. The court held that Person was not denied a unanimous verdict and that even if he had been, he had an adequate remedy through direct appeal to raise the issue. 2020-Ohio-3532, ¶ 6-8. Additionally, the court held that Person's "failure to timely pursue an application to reopen" based on the alleged ineffectiveness of his appellate counsel "[did] not provide an additional opportunity to pursue mandamus relief." *Id*. at ¶ 8.

{¶ 7} Person appealed.

*Legal analysis*

{¶ 8} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13; *see also State ex rel. Olmstead v. Forsthoefel*, __ Ohio St.3d __, 2020-Ohio-4951, __ N.E.3d __, ¶ 7. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). "We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6)." *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10.

{¶ 9} Mandamus will not lie if there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. In order to constitute an adequate remedy at law, the alternative " 'must be complete, beneficial, and speedy.' " *State ex rel.*

*Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 6, quoting *Natl. Elec. Contrs. Assn.* at 183. Direct appeal from a criminal conviction is an adequate remedy by which to challenge any defects in a jury verdict. *See, e.g., State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 3 (holding that inmate had adequate remedy through appeal to raise claim that sentencing entry did not properly reflect the jury's verdict); *Perry v. Sloan*, 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942, ¶ 2-3.

{¶ 10} Person contends that he was unable to pursue his adequate remedy because his appellate counsel failed to raise the jury-verdict issue. However, as we have previously observed in the context of habeas corpus, a defendant cannot seek extraordinary relief based on alleged ineffective assistance of appellate counsel because an application to reopen the appeal pursuant to App.R. 26(B) constitutes an adequate remedy for that claim. *Perry* at ¶ 4. Person has presented no argument for rejecting this reasoning in the mandamus context.

{¶ 11} The court of appeals correctly dismissed Person's complaint because he had an adequate remedy to challenge the alleged error in his direct appeal and his appellate counsel's failure to raise that issue does not afford Person an independent basis to seek mandamus relief. It is therefore unnecessary for us to consider Person's underlying substantive challenge alleging the lack of a unanimous jury verdict.

{¶ 12} For this reason, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Michael Person, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____