[Cite as *Pope v. Bracy*, 2022-Ohio-1013.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

KENNETH POPE, JR.,

Petitioner,

- v -

CHARMAINE BRACY, WARDEN,

Respondent.

CASE NO. 2021-T-0053

Original Action for Writ of Habeas Corpus

**P E R   C U R I A M**
**O P I N I O N**

Decided: March 28, 2022
Judgment: Petition dismissed

*Kenneth Pope, Jr.,* pro se, PID# A666-773, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Kenneth Pope, Jr., seeks a writ of habeas corpus compelling Respondent, Warden Charmaine Bracy, to release him from prison. For the following reasons, we dismiss.

{¶2} In a writ of habeas corpus, the petitioner has the burden of proving his right to release from prison. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763. "[T]he petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." (Citation omitted.) *Id.*

**{¶3}** Habeas corpus is an extraordinary writ and is not available when the petitioner has an adequate remedy at law. *In re Coleman*, 95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677, ¶ 4, citing *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (1996).

**{¶4}** Respondent moves to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

**{¶5}** "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. To grant a motion to dismiss under Civ.R. 12(B)(6), it must appear beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to the requested relief. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

**{¶6}** When considering a Civ.R. 12(B)(6) motion, we only review the complaint and must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5. A court "cannot rely on evidence or allegations outside the complaint." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

**{¶7}** Here, Petitioner contends that his sentence is void because all jurors did not verbally respond during polling. Specifically, the trial court's transcript pertaining to polling the jury indicates that all jurors were asked if they agreed with the verdict, but the transcript does not indicate a response from jurors three and eleven.

**{¶8}** Petitioner argues that because the transcript does not indicate a response from all jurors, we cannot assume all jurors agreed with the verdict.

**{¶9}** Regardless of the content of Petitioner's argument, he could have raised this issue on direct appeal, but failed to do so. Thus, this precludes the matter from being addressed via habeas corpus relief. *Davie v. Edwards*, 80 Ohio St.3d 170, 1997-Ohio-127, 685 N.E.2d 228 (1997); *Luna v. Russell*, 70 Ohio St.3d 561, 1994-Ohio-264, 639 N.E.2d 1168 (1994).

**{¶10}** Because Petitioner had an adequate remedy at law, Respondent's motion to dismiss is granted, and the petition is dismissed.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2021-T-0053