[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pope v. Bracy*, Slip Opinion No. 2022-Ohio-3190.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3190

POPE, APPELLANT, *v*. BRACY, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Pope v. Bracy*, Slip Opinion No. 2022-Ohio-3190.]

*Habeas corpus—Inmate had an adequate remedy in the ordinary course of the law by which to raise his jury-unanimity claim and the trial court's judgment is not void for lack of jurisdiction—Court of appeals' judgment affirmed.*

(No. 2022-0397—Submitted August 2, 2022—Decided September 14, 2022.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2021-T-0053, 2022-Ohio-1013.

_____

**Per Curiam.**

{¶ 1} Appellant, Kenneth Pope Jr., appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Charmaine Bracy, the warden of Trumbull Correctional Institution. This court affirms the Eleventh District's judgment.

**Background**

**{¶ 2}** In 2011, a grand jury indicted Pope on four counts of murder, each with a firearm specification, and one count of having a weapon while under a disability. Pope pleaded guilty to the charge of having a weapon while under a disability. After a jury trial on the other counts, according to Pope, "the jury submitted verdict forms that appeared to have found [him] guilty on all counts."

**{¶ 3}** After the jury returned the verdict forms, Pope requested that the jurors be polled. A transcript of the polling, which Pope attached to (and quotes in) his petition, shows that the bailiff asked each of the 12 jurors, one at a time, "are these your verdicts?" Ten jurors responded, "Yes." However, the transcript does not indicate whether juror Nos. 3 and 11 responded to the question. According to Pope, the polling "revealed that two (2) of the jurors who were present in the courtroom did not state on the record that they assented to [his] guilt of the crimes."

**{¶ 4}** The trial court sentenced Pope to an aggregate prison term of 36 years to life. Pope's convictions and sentence were affirmed on appeal. *State v. Pope*, 2d Dist. Montgomery No. 25306, 2013-Ohio-4821.

**{¶ 5}** In December 2021, Pope filed a petition for a writ of habeas corpus in the Eleventh District. In his petition, Pope argued that the jury's verdict was not unanimous and therefore he "has not been found guilty and his sentence is void due to the trial court being without jurisdiction to sentence him, also making his incarceration illegal."

**{¶ 6}** The Eleventh District granted the warden's motion to dismiss the petition, concluding that Pope had an adequate remedy at law by way of direct appeal to raise his claim. 2022-Ohio-1013, ¶ 10.

**{¶ 7}** Pope appeals to this court as of right.

**Analysis**

{¶ 8} This court reviews de novo the Eleventh District's judgment dismissing Pope's habeas petition. *See State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5.

{¶ 9} "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "Habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction." *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8-9.

{¶ 10} Pope argues that he is entitled to habeas corpus relief because the jury poll in his case revealed uncertainty about whether the verdict was unanimous. But direct appeal from a criminal conviction is an adequate remedy by which to challenge any defects in a jury verdict. *See, e.g.*, *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 3 (holding that an inmate had an adequate remedy by way of appeal to raise a claim that his sentencing entries did not accurately reflect the jury's verdict); *Perry v. Sloan*, 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942, ¶ 2-3. This includes arguments that a jury verdict was not unanimous. *See State ex rel. Person v. McCarty*, 165 Ohio St.3d 42, 2021-Ohio-1207, 175 N.E.3d 513 (holding, in the context of denying relief in mandamus, that a petitioner has an adequate remedy in the ordinary course of the law by which to argue lack of jury unanimity by way of direct appeal).

{¶ 11} Because Pope could have raised his jury-unanimity claim in his direct appeal, he is not entitled to habeas relief unless the trial court's judgment is void for lack of jurisdiction. *See Davis* at ¶ 8-9. Pope contends that "[a] trial court's jurisdiction ends when a jury does not provide unanimous assent to a defendant's

guilt upon poll." But he does not cite any legal authority for this proposition. Instead, Pope's brief discusses the constitutional right to a unanimous jury verdict, explains the function of jury polls, and describes a trial court's obligations when there is uncertainty about a jury's verdict. Although Pope cites numerous legal authorities throughout his brief, none of them supports his claim that the trial court's judgment is void for lack of jurisdiction.

**Conclusion**

**{¶ 12}** Because Pope had an adequate remedy in the ordinary course of the law by which to raise his jury-unanimity claim and the trial court's judgment is not void for lack of jurisdiction, this court affirms the Eleventh District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Kenneth Pope Jr., pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____